IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARVIS L. CARTER,        ) | |
|     Plaintiff,        ) | |
|             ) | |
| v.        ) | CIVIL ACTION NO. 1:23-00407-KD-N |
|             ) | |
| MOBILE COUNTY PUBLIC        ) | |
| SCHOOL SYSTEM,        ) | |
|     Defendant.        ) | |

## ORDER

Plaintiff Davis L. Carter – who is proceeding without counsel (*pro se*) – filed a civil complaint in this Court along with a contemporaneous motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP"), on October 30, 2023. (Docs. 1, 2).[1] Upon consideration, and for the reasons stated herein, Plaintiff's IFP motion (Doc. 2) is **DENIED**. Should Carter wish to proceed with this action, he is **ORDERED** to: (1) pay the $402 statutory filing fee[2] *and* (2) file an amended complaint, addressing the deficiencies noted herein, by no later than **December 6, 2023**

### I.   *IFP Status*

The IFP statute, 28 U.S.C. § 1915, is designed so "[a]ll persons, regardless of wealth, are entitled to reasonable access to the courts." *Moon v. Newsome,* 863 F.3d

---

[1] The District Judge assigned to this case referred Plaintiff's filings to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b) and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (10/302023 elec. ref.).

[2] Under 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court … to pay a filing fee of $350," along with "such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). Effective December 1, 2020, the Judicial Conference prescribes an additional $52 "[a]dministrative fee for filing a civil action, suit, or proceeding in a district court." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. (last visited March 28, 2023).

835, 837 (11th Cir. 1989). The statute states, in relevant part:

> [Subject to inapplicable exceptions] any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915's provisions to non-prisoner complaint).

While the IFP statute seeks to "ensure[] that indigent persons will have equal access to the judicial system," IFP motions are not "a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 612-13 (11th Cir. 1997) (citations omitted). And "[t]here is no question that proceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 198 F.2d 434, 437 (11th Cir. 1986).[3] While a trial court has "broad discretion" in determining whether to grant or deny an IFP application, "it must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam) (citation omitted). However, "in civil cases for damages … the courts should grant the [IFP] privilege sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004 (per curiam) (citing *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th

---

[3] *Accord Rivera v. Allin*, 144 F.3d 719, 722, 724 (11th Cir. 1998) ("Leave to proceed IFP is, and always has been, the exception rather than the rule. To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee . . . To be sure, proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise."), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

2

Cir. 1975)).[4] In any event, "[t]he district court must provide a sufficient explanation for its determination of IFP status to allow for meaningful appellate review." *Martinez*, 364 F.3d at 1307 (citations omitted).

When considering an IFP motion under § 1915(a), "the only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez*, 364 F.3d at 1306 (citation omitted). An IFP movant's affidavit, "need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915," rather, "an application will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (unpublished) (citing *Martinez*, 364 F.3d at 1307-08 (internal quotations omitted)).

Carter's IFP motion represents to the Court that he is presently employed by Superior Tank and makes $800.00 per week. (Doc. 2). His spouse is also employed and makes $540.00 per week. (*Id.*). Carter has three dependent children. (*Id.*). Neither Carter nor his spouse receive welfare aid. (*Id.*). He does not own any real property and his savings are minimal. (*Id.*). He and his wife each own a vehicle, collectively valued at approximately $15,000.00. (*Id.*). He pays $1,975.00 monthly for rent. (*Id.*). On a per-month basis, he makes payments of approximately $400.00 toward roughly $10,000 in debt. (*Id.*).

Upon consideration of the representations provided by Carter in his IFP

---

[4] In *Bonner v. City of Prichard, Ala.*, 661 F.2s 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit prior to October 1, 1981.

motion, which is in substantial compliance with 28 U.S.C. § 1746 and thus constitutes an unsworn declaration made under penalty of perjury, the undersigned finds Carter does not lack the means to pay the $402 filing fee without being deprived of the basic necessities of life. (*See* Doc. 2). Accordingly, and upon consideration of those facts previously stated, Carter's IFP motion (Doc. 2) is **DENIED**. Should he wish to continue with this action, he is **ORDERED** to pay the $402 filing fee by no later than **December 6, 2023**.[5]

## II. *Plaintiff's Complaint*

Plaintiff utilizes a form complaint in bringing this action, though it is not on this Court's current form complaint for civil actions. (*See* Doc. 1). The complaint is predicated upon allegations of racial discrimination, retaliation, unfair pay and sexual misconduct occurring during Carter's prior employment with the Mobile County Public School System. (*Id*.). Though Carter does not state what his prior position with the school system was, he has checked the box indicating that he left the position voluntarily. (*Id*.). The complaint asserts that, on or about September 23, 2021, Ricky Broadhead – identified as Plaintiff's supervisor – used a racially disparaging term when he "told a story in front of [Carter]" and three co-workers.

---

5 The timely payment of a filing fee as required by 28 U.S.C. § 1914, *see* n. 2, is not a jurisdictional prerequisite. *See Rodgers ex rel. Jones v. Bowen*, 790 F.2d 1550, 1552 (11th Cir. 1986) (citing *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir. 1978), *overruled on other grounds*, *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147 (1984)); *Casanova v. Dubois*, 304 F.3d 75, 80 & n.7 (1st Cir. 2002) ("The advance payment of a filing fee is generally not a jurisdictional prerequisite to a lawsuit." (citing *Wrenn*, 575 F.2d at 547)). Nevertheless, "if an IFP application is submitted with the complaint in lieu of the filing fee, and the application is thereafter denied, the district court will be free to dismiss the complaint if the fee is not paid within a reasonable time following the denial." *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015). The denial of IFP status is "the functional equivalent of an involuntary dismissal…" *Woods v. Dahlbert*, 894 F.3d 187, 187 (6th Cir. 1990) (per curiam).

(*Id*.). It is unclear whether the term used was directed at Carter and/or his co-workers. (*Id*.). Plaintiff contends this was not the first time Broadhead had used said term and alleges that when he reported Broadhead's remark(s), he "was retaliated against by removal from my zone." (*Id*.). Carter does not detail other instances of Broadhead using said term, does not indicate who he reported Broadhead to and does not provide any additional detail surrounding his retaliation claim. (*Id*.). Moreover, while the complaint includes general allegations of sexual misconduct and unfair pay, Carter does not detail these contentions. (*Id*.). For relief, Plaintiff seeks recovery of backpay and reinstatement to his former position and/or other relief. (*Id*.). Notably, the complaint indicates Carter filed a charge with the EEOC on or about October 2, 2021 and that he received a right-to-sue letter dated August 3, 2023, which is included as an attachment. (Docs. 1, 1-1).

As it currently stands, Plaintiff's complaint does not provide sufficient information, and he will need to file an amended complaint in order for the Court to effective process his complaint. Included alongside this order is a copy of this Court's current form civil complaint and a copy of the *Pro Se* Litigant Guide, which should aid Plaintiff in formulating his amended complaint.[6] While the form complaint asks for "a short and plain statement of the claim," Plaintiff is permitted – and indeed, encouraged – to include more factual detail than was included on his original complaint. In the event Carter requires additional pages to set out his claim(s), he is free to include those pages alongside the form complaint.

---

[6] This resource, along with other helpful resources for *pro se* litigants, can also be accessed online at: https://www.alsd.uscourts.gov/filing-without-attorney.

### *III. Conclusion*

Upon consideration, and for the reasons stated herein, Carter's IFP motion is **DENIED**, and he is **ORDERED** to, by no later than **December 6, 2023**:

1) Pay the $402 statutory filing fee for this action; *and*,

2) File an amended complaint using this Court's form (and any attachments he may deem necessary).

The Clerk is **DIRECTED** to send Carter: (1) a copy of this order, (2) a copy of the Court's Pro Se Litigant Guide and (3) a copy of this Court's form civil complaint.[7]

Failure to comply with this directive will result in entry of a recommendation to the Court that this action be dismissed without prejudice *sua sponte* for failure to pay the filing fee required by § 1914 and/or failure to comply with a court order.[8]

### **NOTICE TO PRO SE PLAINTIFF**

In light of his *pro se* status, Carter is noticed that "[a]ll persons proceeding pro se shall be bound by, and must comply with, all Local Rules of this Court," as well as the applicable federal rules of procedure, "unless excused by Court order." S.D. Ala. GenLR 83.5(a). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a

---

[7] Plaintiff is advised that his amended complaint is not required to be filed on the Court's form complaint; however, this resource may provide assistance in drafting a complaint that will meet the threshold requirements of this Court's local rules and Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8 and 10.

[8] *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *see also, Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (noting district court's inherent authority to *sua sponte* dismiss a case under Rule 41(b)), *and Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (explaining *sua sponte* dismissal is appropriate "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." (internal quotation omitted)).

pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A pro se [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)). Additionally, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by him personally and provide his "address, e-mail address, and telephone number."[9] *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number.").[10] Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change in address … Failure to comply with this Rule may result in sanction, including the dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR

---

[9] "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

10  Unless and until Carter registers with the Clerk of Court to electronically file, he must handwrite his signature on all future filings with this Court in order to comply with Rule 11(a). Should he desire to set up an electronic-filing account, he should contact the Office of the Clerk of Court for this district. *See also* Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama, § III(B) (last revised 2/1/2021) (https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf). This point cannot be emphasized enough, and Plaintiff is hereby noticed that repeated failure to personally sign filings may result in sanction as the Court sees fit, pursuant to its inherent powers to manage its docket. *See Mulautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) ("Deeply rooted in the common law tradition is the power of any court to manage its affairs which necessarily includes the authority to impose reasonable appropriate sanctions upon errant lawyers practicing before it. Courts' inherent power also extends to parties to litigation." (internal citation and quotation omitted)).

83.5(b). Additionally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.

**DONE** and **ORDERED** this the 14th day of November 2023.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**
