IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARVIS L. CARTER,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 1:23-00407-KD-N<br>) |
| MOBILE COUNTY PUBLIC<br>SCHOOL SYSTEM,<br>    Defendant. | )<br>)<br>)<br>) |

## REPORT AND RECOMMENDATIONS

Plaintiff Davis L. Carter, who is proceeding without counsel (*pro se*), filed a complaint in this Court on October 30, 2023. (Doc. 1).[1] Upon consideration and for the reasons stated herein, the undersigned **RECOMMENDS** the above-styled action be **DISMISSED without prejudice**.

### I.  *Background*

Carter initiated this action with a complaint filed October 30, 2023, along with a contemporaneous motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP"). (Docs. 1, 2). On initial review of these filings, the undersigned determined from the representations made in Carter's IFP motion (Doc. 2), which is in substantial compliance with 28 U.S.C. § 1746 and thus constitutes an unsworn declaration made under penalty of perjury, that he did not lack the means to pay the statutory filing fee[2] for this action without being deprived of the basic necessities of

---

[1] The District Judge assigned to this case referred Plaintiff's filings to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b) and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (10/30/2023 elec. ref.).

[2] The timely payment of a filing fee as required by 28 U.S.C. § 1914 is not a jurisdictional prerequisite.

1

life. (*See* Doc. 3 (citing *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (unpublished); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam))). Accordingly, Carter's IFP motion was denied, and he was ordered to pay the statutory filing fee by no later than December 6, 2023. (Doc. 3). The undersigned also noted deficiencies in the initial complaint which needed to be resolved and ordered that an amended complaint by filed by December 6, 2023. (*Id.*).[3]

Carter sought an extension of time to submit the filing fee by motion filed December 11, 2023. (Doc. 4). The undersigned granted the motion, extending Carter's deadline to pay the filing fee until January 16, 2024. (Doc. 5).[4] To date, Carter has not paid the filing fee or filed an amended complaint, and since December 11, 2023, has filed nothing further with the Court.

---

*See Rodgers ex rel. Jones v. Bowen*, 790 F.2d 1550, 1552 (11th Cir. 1986) (citing *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir. 1978), *overruled on other grounds*, *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147 (1984)); *Casanova v. Dubois*, 304 F.3d 75, 80 & n.7 (1st Cir. 2002) ("The advance payment of a filing fee is generally not a jurisdictional prerequisite to a lawsuit." (citing *Wrenn*, 575 F.2d at 547)). Nevertheless, "if an IFP application is submitted with the complaint in lieu of the filing fee, and the application is thereafter denied, the district court will be free to dismiss the complaint if the fee is not paid within a reasonable time following the denial." *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015). The denial of IFP status is "the functional equivalent of an involuntary dismissal…" *Woods v. Dahlbert*, 894 F.3d 187, 187 (6th Cir. 1990) (per curiam).

3 Carter was provided a copy of the Court's Pro Se Litigant guide to aid his drafting of an amended complaint. (Doc. 3, PageID.17). The November 14, 2023 order also noticed that "failure to comply with this directive will result in entry of a recommendation to the Court that this action be dismissed without prejudice *sua sponte* for failure to pay the filing fee required by [28 U.S.C.] § 1914 and/or failure to comply with a court order." (*Id.*) (footnote omitted).

4 This order also expressly noted that "[f]ailure to comply with this directive will result in entry of a recommendation to the Court that this action be dismissed without prejudice *sua sponte* for failure to pay the filing fee required by [28 U.S.C.] § 1914 and/or failure to comply with a court order." (Doc. 5, PageID.22-23) (footnote omitted).

## II. *Dismissal*

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute and/or failure to comply with court orders under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). Here, Carter has failed to pay the statutory filing fee for this action after an extension of time was provided for him to do so, has not filed an amended complaint as instructed on two different occasions and has failed to prosecute his case. (*See* Docs. 3, 4, 5). Carter has also been noticed on two different occasions that failure to pay the filing fee and comply with Court directives would result in a recommendation that his complaint be dismissed for failure to prosecute and/or failure to pay the statutory filing fee. (Docs. 3, 5).

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute and non-compliance with directives of the Court, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102

(11th Cir. 1989); *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). *See also*, n.2 (discussing dismissal for failure to pay the filing fee after IFP denial).

## III. Conclusion

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Carter's complaint (Doc. 1) be **DISMISSED without prejudice** for failure to prosecute, non-compliance with Court directives and failure to timely pay the statutory filing fee.

The Clerk is **DIRECTED** to send Carter a copy of this Report and Recommendation to the address on record.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 6th day of March 2024.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**